Adjudged that the petition is denied and the proceeding is dismissed as academic, without costs or disbursements *(see, People ex rel. Morales v Warden,* 166 AD2d 626 [decided herewith]). Mangano, P. J., Thompson, Sullivan, and Rosenblatt, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. PEDRO MORALES, Respondent, v WARDEN, Appellant. (Proceeding No. 1.) THE PEOPLE OF THE STATE OF NEW YORK ex rel. PEDRO MORALES, Respondent, v WARDEN, Appellant. (Proceeding No. 2.)—On the court's own motion, it is,

Ordered that the decision and order of this court in the above-entitled case, dated October 17, 1990, is recalled and vacated. Mangano, P. J., Bracken, Harwood and Ritter, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. PEDRO MORALES, Respondent, v WARDEN, Appellant. (Proceeding No. 1.) THE PEOPLE OF THE STATE OF NEW YORK ex rel. PEDRO MORALES, Respondent, v WARDEN, Appellant. (Proceeding No. 2.)—In two habeas corpus proceedings in the nature of bail reduction, the appeals are from (1) a judgment of the Supreme Court, Kings County (Moskowitz, J.), dated October 15, 1990, made upon a decision dated June 14, 1990, which reduced the petitioner's bail in three criminal actions entitled *People v Pedro Morales* (indictments Nos. 1827/74, 1840/74 and 1841/74) from a total of $105,000 to a total of $25,000 (proceeding No. 1), and (2) a judgment of the same court, dated October 15, 1990, made upon a decision dated October 3, 1990, which further reduced the petitioner's bail to a total of $15,000 and determined that the security offered for that bail was sufficient (proceeding No. 2).

Ordered that the judgments are reversed, on the law and as a matter of discretion, without costs or disbursements, and the writs are dismissed; and it is further,

Ordered that the bail of $105,000 is reinstated.

The petitioner, an illegal alien from Colombia, was charged with various narcotics offenses, including criminal sale of a controlled substance in the first degree, in three separate indictments in 1974. He was released on bail and failed to appear for trial. In March 1990 the petitioner voluntarily returned to New York from Florida for arraignment on the 1974 indictments. In the intervening years, he had posted bail in connection with deportation proceedings brought by the Immigration and Naturalization Service (hereinafter INS) and had failed to appear in those proceedings. Apparently the